J-S37008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.V., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: L.L.V., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1144 EDA 2024 |

Appeal from the Order Entered March 26, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001032-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: E.R.V., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: L.L.V., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1145 EDA 2024 |

Appeal from the Decree Entered March 26, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000317-2023

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.V., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: L.L.V., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1146 EDA 2024 |

Appeal from the Order Entered March 26, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001033-2019

| IN THE INTEREST OF: Y.R.V., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: L.L.V., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1147 EDA 2024 |

Appeal from the Decree Entered March 26, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000289-2023

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY BOWES, J.: **FILED OCTOBER 10, 2024**

L.L.V. ("Father") appeals from the decrees terminating his parental rights to his children, Y.V., born December 2017, and E.V., born November 2012, as well as the orders changing each child's permanent placement goal to adoption.[1] Counsel has filed a petition to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), and *In re V.E.*, 611 A.2d 1267, 1275 (Pa.Super. 1992) (extending *Anders* procedure to "counsel appointed to represent an indigent parent on a first appeal from a decree involuntarily terminating his or her parental rights"). To comply with the requirements of *Anders* and its progeny, counsel seeking to withdraw must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the [appellant], counsel has determined the appeal would be frivolous;

_____

[1] This Court consolidated the appeals *sua sponte*.

- 2 -

(2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) furnish a copy of the brief to [the appellant] and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*In re S.M.B.*, 856 A.2d 1235, 1237 (Pa.Super. 2004) (cleaned up).

Counsel has filed a petition to withdraw and an ***Anders*** brief. To both, counsel attached as an exhibit a letter mailed to Father, which advised him of the request to withdraw and his right to proceed *pro se* or with new counsel, and included a copy of the brief. However, the certificates and proofs of service to the brief and petition do not reflect that counsel served Father.[2] Since we are unable to ascertain whether counsel furnished a copy of the required documents to Father, we deny counsel's petition to withdraw. ***See Commonwealth v. Hicks-Franklin***, 301 A.3d 909, 2023 WL 4072900, *2 (Pa.Super. 2023) (non-precedential decision) (denying petition to withdraw and ordering counsel to take remedial action to correct, *inter alia*, service of the requisite documents to the defendant). Within ten days of this judgment order, counsel shall send new copies of the ***Anders*** brief, petition to withdraw, and letter to Father, with amended certificates of service demonstrating proper service on Father, and shall file proofs of service with this Court reflecting same. Thereafter, Father shall have thirty days to respond.

Petition to withdraw as counsel denied. Panel jurisdiction retained.

---

[2] There is no certificate or proof of service for the letter.